UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD COOLEY,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-1615-JTM-AZ |

OPINION AND ORDER

Richard Cooley, a prisoner without a lawyer, filed a habeas petition challenging the disciplinary decision (MCF-25-11-7292) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing of a cellular device in violation of Indiana Department of Correction Offense 121. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

"[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). Significantly, in the petition, Cooley represents that he has lost no credit time as a result of this disciplinary decision but contends that the finding of guilt "will affect any modification that Cooley attempts to obtain, thus, affecting his ability for an earlier release." (DE # 1 at 1.) In other words, the disciplinary proceedings did not extend or otherwise affect the duration of Cooley's sentence but

may have affected the likelihood of success on any potential requests for a sentence reduction. “A petitioner cannot use § 2254 to challenge the deprivation of an opportunity for accelerated release from custody.” *Holleman v. Finnan*, 259 Fed. Appx. 878, 879 (7th Cir. 2008) (citing *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003); *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). Because Cooley seeks to challenge only the deprivation of an opportunity for accelerated release from custody, he does not state a valid habeas claim, and the court cannot grant him habeas relief.

Consequently, the court will deny the habeas petition. If Cooley wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds that an appeal pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas petition (DE # 1);

(2) DIRECTS the clerk to enter judgment and to close this case; and

(3) DENIES Richard Cooley leave to proceed *in forma pauperis* on appeal.

**SO ORDERED.**

Date: November 19, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT